MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, SBN 211077
jhayashi@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000
Fax:  949.399.7001

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
and JPMORGAN CHASE & CO.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA M. SIMPSON and REGINA STURDIVANT, individually, on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK; JPMORGAN CHASE & CO.; CHASE HOME FINANCE LLC; and DOES 1 through 100, inclusive, Defendants. | Case No.  **'11 CV 0985 BEN  CAB**<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>Diversity Jurisdiction Under The Class Action Fairness Act<br><br>[28 U.S.C. §§ 1332, 1441, 1446 and 1453] |

DB2/22417777                                                             Case No. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants JPMORGAN CHASE BANK, N.A. ("Chase Bank") and JPMORGAN CHASE & CO. ("JPMC") (together, "Defendants")[1] hereby remove the above-entitled action from the Superior Court of the State of California, in and for the County of San Diego, to the United States District Court for the Southern District of California.  Removal is based on the following grounds:

**I.   THE REMOVAL IS TIMELY**

This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days from April 5, 2011, the date upon which Defendants received service of Plaintiffs' Complaint and Summons.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II.   CASES INVOLVING OVERLAPPING CLAIMS AND OVERLAPPING PUTATIVE CLASSES ARE ALREADY PENDING IN OTHER FEDERAL COURTS**

Plaintiffs' action is a copy-cat action to two earlier-filed class actions alleging overlapping claims on behalf of overlapping putative classes of bank branch employees.  In *Hightower v. JPMorgan Chase Bank, N.A,* Central District of California, Case No. 11-CV-01802-PSG-PLAx (filed March 2, 2011), plaintiffs Evan Hightower and Ann Ross allege class and collective action claims on behalf of current and former "Retail Branch Employees" for claims under the Fair Labor Standards Act, California Labor Code, and California Unfair Competition Law.  In *Villegas v. JPMorgan Chase & Co, et al.*, Northern District of California, Case No. 09-cv-00261-SBA-EMC (filed December 18, 2008), plaintiff Nicole Villegas alleges class claims on behalf of current and former Chase employees under the California Labor Code and Unfair Competition Law concerning, *inter alia*, Chase's personal days policies and wage statements.

Given that the claims in this action are already pending in the *Hightower* and *Villegas*

---

[1] "Chase Home Finance LLC" is not presently an extant corporate entity.

actions, Defendants intend to file a motion to dismiss, stay, or transfer this action pursuant to the first-to-file rule following removal. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982).

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

This Court has original subject matter jurisdiction based on diversity of citizenship under the Class Action Fairness Act of 2005 ("CAFA"), because Plaintiffs allege a class action, they are diverse from Defendants, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Moreover, copy-cat actions involving overlapping claims and overlapping putative classes are already pending in other federal courts.

Plaintiffs bring this action as a class action under Cal. Code Civ. Proc. Section 282. Compl. ¶ 3. Plaintiffs allege they are citizens of California. Compl. ¶¶ 1-2. Defendants are not citizens of California. *See* Compl. ¶¶ 4-6; Ex. 2, Articles of Association for JPMorgan Chase Bank, National Association; *see also* Form 10-K for JPMorgan Chase & Co., for the fiscal year ended December 31, 2010, available at:

http://edgar.sec.gov/Archives/edgar/data/19617/000095012311019773/y86143e10vk.htm.

In addition, Plaintiffs' class claims, when aggregated for potential class members, puts into controversy an amount in excess of $5 million. Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

#### A. Diversity Exists Between The Parties

The parties meet the diversity requirements of CAFA because Plaintiffs are citizens of a different state from Defendants. 28 U.S.C. § 1332(d)(2)(A) (providing that diversity under is met under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Diversity therefore exists between the parties under CAFA.

##### 1. Plaintiffs and the Members of the Putative Class Are Citizens of California.

At the time Plaintiffs filed this action, they alleged that they are individuals "residing in the State of California." Compl. ¶¶ 1-2. Plaintiffs also seek to represent a putative class of "former and current California employees." Compl. ¶ 37. For diversity purposes, Plaintiffs are therefore considered citizens of California.

   2. <u>Defendants Are Not Citizens of California</u>.

For diversity determination purposes, all Defendants are diverse from Plaintiffs because Defendants are <u>not</u> citizens of California. *See* Compl. ¶¶ 4-6. Chase Bank is, and at all pertinent times was, a federally chartered national bank with Columbus, Ohio designated in its articles of association as the locus of its main office. *See* Ex. 2, Articles of Association for JPMorgan Chase Bank (As Amended June 30, 2008). Pursuant to 28 U.S.C. § 1332 and 1348, and the United States Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banks are "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office), Chase Bank is "located," for diversity purposes, in Columbus, Ohio.

JPMC is an international holding company incorporated in Delaware with a principal place of business in New York, New York. *See* Form 10-K for JPMorgan Chase & Co., for the fiscal year ended December 31, 2010, available at: http://edgar.sec.gov/Archives/edgar/data/19617/000095012311019773/y86143e10vk.htm. Accordingly, New York, NY is the "nerve center" for JPMC, and it is diverse from Plaintiffs. *See Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1186, 1192, 175 L. Ed. 2d 1029 (2010) (a corporation's principal place of business for diversity purposes is its "nerve center" – the location where the corporation's officers direct, control, and coordinate the corporation's activities).[2]

Although Plaintiffs have named 100 fictitiously named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

Accordingly, Defendants are not residents of California for diversity jurisdiction purposes, and are therefore diverse from Plaintiffs.

  **B.** <u>**The Amount Plaintiffs Place in Controversy Exceeds $5 Million**</u>

Pursuant to CAFA, the amount in controversy component of diversity jurisdiction is

---

[2] When in existence, Chase Home Finance LLC was a Delaware limited liability company with a principal place of business in New Jersey.

satisfied when the aggregated claims of the individual members in a class action exceed the sum or value of $5 million.  *See* 28 U.S.C. § 1332(d)(6).  Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)."  Senate Judiciary Report, S. REP. 109-14, at 42.

Where, as here, plaintiffs do not expressly plead a specific amount of damages, a removing defendant need only show that it is more likely than not that the amount in controversy exceeds $5 million.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal 2008).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

Although Defendants deny Plaintiffs' factual allegations and deny that they or the class that they purport to represent are entitled to the relief for which they have prayed, Plaintiffs' allegations and prayer for relief have put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the potential class members as set forth in 28 U.S.C. § 1332(d)(6).

Plaintiffs seek to represent a putative class of "all similarly situated former and current employees" of Chase Bank and JPMC who were allegedly denied overtime compensation, forfeited vacation, or were not reimbursed for business expenses.  Compl. ¶ 37.  Plaintiffs' Complaint alleges four causes of action under the California Labor Code and Business & Professions Code for failure to pay overtime compensation, failure to pay all wages upon

termination (waiting time penalties), forfeiture of wages based on Defendants' vacation policy, unreimbursed business expenses, and unfair business practices. They seek damages and civil penalties, including waiting time penalties pursuant to Labor Code § 203. Compl., ¶¶ 49, 59.

As discussed below, when the claims of these putative class members are aggregated, their claims put into controversy well over $5 million in damages.

1. Plaintiffs' First and Second Causes of Action Seek Recovery of Waiting Time Penalties that Put More than $5 Million Into Controversy.

Plaintiffs' First Cause of Action for alleged failure to pay overtime compensation and Second Cause of Action for alleged forfeiture of wages both seek recovery of waiting time penalties under California Labor Code § 203. Compl. ¶¶ 49, 59 & Prayer for Relief at ¶ 2. Plaintiffs' waiting time penalty claims, by themselves, create an amount in controversy that exceeds $5 million.

A defendant seeking to invoke CAFA jurisdiction can establish the amount in controversy by presenting evidence of the number of putative class members or class claims. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) (plaintiff's motion for remand denied). The number of putative class claims can then be multiplied by the damages alleged per claim to determine the amount in controversy. *Id.* In *Korn*, for example, plaintiffs brought a class action alleging violations of California Civil Code section 1747.08, which carries a maximum civil penalty of $1,000 per claim. To establish the $5 million amount in controversy for CAFA jurisdiction purposes, the defendant offered evidence that more than 5,000 potential claims (credit card transactions) took place during the class period. The court found this evidence sufficient to prove, by a preponderance of the evidence, that the amount in controversy under CAFA was met, by multiplying the number of claims by the statutory penalty. *Id.* In addressing the defendant's evidentiary burden, the court held, "defendant need only demonstrate that there are at least 5,001 putative class claims." *Id.* Because the 5,001 putative class claims multiplied by the $1,000 statutory penalty resulted in an amount in controversy greater than $5 million, the district court found the amount in controversy satisfied, and denied plaintiff's motion to remand.

Here, in Plaintiffs' first and second causes of action, Plaintiffs allege that Defendants "are

liable for waiting time penalties pursuant to Labor Code section 203." Compl. ¶¶ 49, 59. Plaintiffs further allege that they and each member of the putative class who are former employees are thus entitled to penalties equal to their daily wage for 30 days as provided in Labor Code § 203. *Id.*

Although Defendants deny any liability, assuming Plaintiffs' allegations to be true, Plaintiffs' claim for waiting time penalties puts into controversy more than $5 million. During the three years prior to the filing of the Complaint, more than 2,000 employees in California who held the position of Personal Banker have ended their employment with Chase Bank. Ex. 1, Goldsmith Decl. ¶ 2. Persons employed in these positions in California earn, on average, between $30,000 and $42,000 per year, which is equivalent to $14.42 to $20.19 per hour. *Id.* Plaintiff Simpson's hourly rate was $16.75 per hour for the majority of her employment. *Id.* ¶ 3.

Based on these figures, Plaintiffs have put in controversy more than $5 million. Assuming Plaintiffs' allegations to be true -- that each of the approximately 2,000 former Personal Bankers are entitled to 30 days of daily wages as waiting time penalties (Compl. ¶¶ 49, 59) -- then the amount in controversy exceeds $5 million. Using the low range of hourly rates, the amount in controversy is at least $6,921,600 calculated as follows:

> 2,000 x $14.42 hourly wage x 8 hours/day x 30 days = **$6,921,600**[3]

Thus, the amount in controversy from the waiting time penalties pled in Plaintiffs' first and second causes of action, and for personal bankers alone, is **$6,921,600**.

Accordingly, the amount in controversy in Plaintiffs' complaint exceeds the $5 million jurisdictional amount under CAFA from just waiting time penalties for Personal Bankers alone. Adding in Plaintiffs' claim for waiting time penalties for "REO Specialists" would only further increase the amount in controversy. Furthermore, Plaintiffs' additional claims—for overtime

---

[3] When using Plaintiff Simpson's hourly rate of $16.75 per hour, the aggregate amount in controversy for plaintiffs' waiting time penalty claims would be $8,040,000 (2,000 x $16.75 hourly wage x 8 hours/day x 30 day = $8,040,000). With attorneys' fees of 25% ($2,010,000), the total amount in controversy would be $10,050,000.

DB2/22417777                                    -6-

wages, forfeiture of wages, expense reimbursement, unfair competition, penalties, interest, and attorney's fees—would increase the total amount in controversy still further.

### 2. The Complaint Also Seeks Recovery of Attorney's Fees.

The Complaint also seeks attorneys' fees. Compl., Prayer for Relief ¶ 6. Attorneys' fees are properly included in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").

Although Defendants deny Plaintiffs' claim for attorney's fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorney's fees. *In re Quintus Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Given the $6,921,600 amount in controversy discussed above, an award of 25% attorney's fees would increase the amount in controversy by $1,730,400. Thus, adding these statutory attorney's fees further increases Plaintiffs' alleged amount in controversy well in excess of $5 million.

### 3. The Amount in Controversy Is Satisfied for CAFA Jurisdiction Purposes.

Thus, although Defendants deny Plaintiffs' allegations and deny that they or the class that they purport to represent are entitled to the relief for which they have prayed, based on Plaintiffs' allegations, theories, and prayer for relief, they have placed at least $8,652,000 in controversy ($6,921,600 in waiting time penalties and attorneys' fees of $1,730,400 = $8,652,000), which far exceeds the $5 million threshold set forth under CAFA. This amount in controversy would only be further increased by including the claims of REO Specialists or the damages from allegedly unpaid overtime wages, forfeited wages, unpaid business expenses, unfair competition, penalties, interest, and attorney's fees for these claims.

Because there is diversity between the parties and the amount in controversy threshold has been satisfied in this Action, this Court has original subject matter jurisdiction to hear this dispute.

## IV. VENUE

This action was originally filed in the Superior Court for the County of San Diego and is therefore removable to this district. 28 U.S.C. § 1441(a).

## V. NOTICE

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

Attached hereto are true and correct copies of Plaintiffs' operative Complaint and Defendants' Answer filed in the Superior Court.

Accompanying this removal as Exhibit 1 is a true and correct copy of the Declaration of Linda Goldsmith.

Also accompanying this removal as Exhibit 2 is a true and correct copy of the Articles of Association for JPMorgan Chase Bank, N.A.

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated:   May 5, 2011                         MORGAN, LEWIS & BOCKIUS LLP

                                             By:  /s/ Carrie A. Gonell
                                                  CARRIE A. GONELL
                                                  Attorneys for Defendant
                                                  JPMORGAN CHASE BANK, N.A.
                                                  and JPMORGAN CHASE & CO.

# PROOF OF SERVICE

<u>Simpson v. JPMorgan Chase Bank, et al.</u>

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On May 5, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA; AND**

**CIVIL CASE COVER SHEET**

[ ]  **BY FAX:** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]  **BY MAIL:** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY OVERNIGHT MAIL -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]  **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[ ]  **BY ELECTRONIC SERVICE -** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on May 5, 2011. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

DB2/22432365.1

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

PROOF OF SERVICE

[ ]   **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| LAW OFFICES OF SHELDON A. OSTROFF<br>Sheldon A. Ostroff, APC<br>1441 State Street<br>San Diego, CA  92101<br>Phone: 619.544.0881 | *Attorneys for Plaintiff MARYANN R. MAGUIRE* |
| HUFFMAN & KOSTAS<br>James C. Kostas, APC<br>David Huffman, APC<br>1441 State Street<br>San Diego, CA  92101<br>Phone: 619.544.0880 | |

[ X ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on May 5, 2011, at Irvine, California.

_____
Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22432365.1

-2-

PROOF OF SERVICE

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Regina M. Simpson and Regina Sturdivant, individually, on behalf of themselves, all others similarly situated, and on behalf of the

## DEFENDANTS
JPMorgan Chase Bank, N.A. JPMorgan Chase & Co.; Chase Home Finance, LLC; and DOES 1 through 100, inclusive

**(b)** County of Residence of First Listed Plaintiff: **Orange**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'11CV0985 BEN CAB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sheldon A. Ostroff, APC -Law Offices of Sheldon A. Ostroff
1441 State Street, San Diego, CA 92101 (619) 544-0880

Attorneys (If Known): Morgan, Lewis & Bockius, LLP
Carrie Gonell, John Hayashi
5 Park Plaza, Suite 1750, Irvine, CA 92614

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, 1446 and 1453 28:1331-Federal Question (aef)

Brief description of cause:
Alleged unpaid overtime, waiting time penalties, forfeiture of wages, unreimbursed business expenses.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE See Notice of Related Cases    DOCKET NUMBER _____

DATE: 05/05/2011

SIGNATURE OF ATTORNEY OF RECORD: /S/ Carrie A. Gonell

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____