LAW OFFICES OF SHELDON A. OSTROFF
Sheldon A. Ostroff, APC (State Bar #108510)
1441 State Street
San Diego, California 92101
(619) 544-0881

HUFFMAN & KOSTAS
A Partnership of Professional Corporations
James C. Kostas, APC (State Bar # 115948)
David Huffman, APC (State Bar # 69026)
1441 State Street
San Diego, California 92101
(619) 544-0880

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| REGINA M. SIMPSON and REGINA STURDIVANT, individually, on behalf of themselves, all others similarly situated, and on behalf of the general public;<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, a New York corporation; JPMORGAN CHASE & CO., a Delaware corporation; CHASE HOME FINANCE LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO 37-2011-00087418-CU-BT-CTL<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES AND UNFAIR BUSINESS PRACTICES |

Plaintiffs Regina M. Simpson and Regina Sturdivant, on behalf of themselves, on behalf of all others similarly situated, and on behalf of the general public, hereby complain and allege on information and belief as follows:

///

**PARTIES**

1. Plaintiff, Regina M. Simpson ("SIMPSON"), is, at all times relevant hereto, was an individual residing in the State of California.

2. Plaintiff, Regina Sturdivant ("STURDIVANT"), is, at all times relevant hereto, was an individual residing in the State of California.

3. This action is filed on behalf of SIMPSON and STURDIVANT, individually, on behalf of the general public, and on behalf of all members of three separate subclasses defined in paragraph 37 below under the provisions of California Code of Civil Procedure section 382, which provides, *inter alia*, that a class action may be brought when the question is one of common interest to many persons, or when the number of persons is numerous and it is impracticable to bring them all before the court. This action is properly filed and maintained as a class action for the reasons set forth below.

4. Defendant JPMORGAN CHASE BANK ("JPMORGAN") is and all times relevant hereto was a New York corporation licensed to do and doing business throughout the State of California, including San Diego County.

5. Defendant JPMORGAN CHASE & CO. ("CHASE") is and all times relevant hereto was a Delaware corporation licensed to do and doing business throughout the State of California, including San Diego County.

6. Defendant CHASE HOME FINANCE , LLC ("CHASE HOME") is and all times relevant hereto was a Delaware limited liability company licensed to do and doing business throughout the State of California, including San Diego County.

7. DOES 1 to 50, are and at all relevant times hereto were, corporations and/or business entities organized and existing under the laws of and/or qualified to do business in California and were affiliates, subsidiaries, parent corporations and/or joint venturers with JPMORGAN, CHASE and CHASE HOME. DOES 51 to 100 were individuals who were the agents of and/or employees of the corporate/business entity

defendants, and were at all times herein mentioned acting within the course and scope of such agency and employment. JPMORGAN, CHASE and CHASE HOME are therefore liable for the wrongful acts and omissions of each other defendant.

8. Plaintiffs do not know the true names of defendant DOES 1 through 100, and therefore sue them by those fictitious names. Plaintiffs informed and believe, and on the basis of that information and belief allege, that each of those defendants was in some manner responsible for the events and happenings alleged in this complaint and for the injuries and damages of SIMPSON and STURDIVANT, all others similarly situated and the general public.

## GENERAL ALLEGATIONS

9. JPMORGAN, CHASE and CHASE HOME provide investment, financing, advisory, insurance, and banking related products and services directly and through their affiliates, subsidiaries and divisions throughout the State of California, including the County of San Diego.

10. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME had in effect various written nondiscretionary bonus plans applicable to its nonexempt employees whereby JPMORGAN, CHASE and CHASE HOME provided such employees nondiscretionary paid bonuses as part of their regular compensation.

11. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME had in effect various written compensation plans applicable to its nonexempt employees whereby JPMORGAN, CHASE and CHASE HOME provided such employees commissions as part of their regular compensation.

12. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME failed to include the nondiscretionary bonus payments and/or the commissions it paid to its nonexempt employees in computing the amount of overtime compensation due such employees.

///

///

13. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME had in effect written vacation policies whereby such Defendants' employees were provided paid time off in the form of vacation as part of their compensation.

14. Pursuant to JPMORGAN, CHASE and CHASE HOME's vacation policies, employees are forced to forfeit, without compensation, all unused paid vacation accrued in a calendar month of employment if such employees are not employed on the last day of the calendar month during which such paid vacation accrued.

15. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME enforced its vacation policies which required its employees to forfeit, without compensation, vacation benefits earned in a calendar month of employment if such employees were not employed on the last day of the month during which such paid vacation accrued.

16. At all times relevant hereto, JPMORGAN and CHASE employed "personal bankers" in each of its California bank branches and such "personal bankers" were classified as non-exempt employees pursuant to JPMORGAN and CHASE's written employment policies.

17. At all times relevant hereto, "personal bankers" were required to maintain communication devices and use personal transportation in order to sell the financial products offered by JPMORGAN and CHASE but were denied indemnification for the expenditures associated with such equipment and travel-related expenses pursuant to JPMORGAN and CHASE's policies and practices.

18. At all times relevant hereto, JPMORGAN and CHASE HOME employed "REO Specialists" in California and such "REO Specialists" were classified as non-exempt employees pursuant to JPMORGAN and CHASE HOME's written employment policies.

19. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME warranted and represented, expressly and/or impliedly, that its policies and practices as set forth herein were in compliance with all applicable statutes, regulations, rules and/or ordinances.

20. At all times relevant hereto, SIMPSON and STURDIVANT justifiably relied on JPMORGAN, CHASE and CHASE HOME's express and/or implied warranties and representations that its policies and practices as set forth herein were in compliance with all applicable statutes, regulations, rules and/or ordinances.

21. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME knew, or should have known, that its policies and practices as set forth herein were not compliant with all applicable statutes, regulations, rules and/or ordinances which (1) require payment for all hours worked, (2) require an employer to include the bonus payments and commissions set forth above in computing the amount of overtime compensation to which a nonexempt employee is entitled, (3) prohibit the forfeiture of wages, (4) require the payment of all wages when due and (5) required an employer to indemnify his or her employee for all necessary expenditures incurred by an employee in direct consequence of the discharge of his or her duties.

22. At all times relevant hereto, JPMORGAN, CHASE and CHASE HOME concealed the illegality of its policies and practices as alleged herein from SIMPSON and STURDIVANT and all other similarly situated employees, past and present.

23. SIMPSON and STURDIVANT had no knowledge, constructive or actual, prior to on or about March 1, 2011, that they had suffered any harm as a result of JPMORGAN, CHASE and CHASE HOME's policies and practices or that such policies and practices were the unlawful cause of such harm.

24. The policies and practices adopted, implemented and enforced by JPMORGAN, CHASE and CHASE HOME as set forth herein are unlawful and violative of California Labor Code Sections 200, *et seq.* and/or IWC Wage Order No. 4 (California Code of Regulations Section 11040, as amended) which require, *inter alia*, JPMORGAN, CHASE and CHASE HOME to pay its employees all wages due to its employees. By virtue of JPMORGAN, CHASE and CHASE HOME's unlawful policies and practices set forth herein, JPMORGAN, CHASE and CHASE HOME have withheld and are withholding wages owed to its employees pursuant to these laws.

25. The policies and practices adopted, implemented and enforced by JPMORGAN, CHASE and CHASE HOME as set forth herein are unlawful and violative of California Labor Code Section 2802 which requires an employer to indemnify his or her employee for all necessary expenditures incurred by an employee in direct consequence of the discharge of his or her duties. By virtue of JPMORGAN, CHASE and CHASE HOME's unlawful indemnification policies and practices as set forth herein, JPMORGAN, CHASE and CHASE HOME are withholding money due its employees.

26. The statute of limitations on the claims asserted herein are equitably tolled as a result of JPMORGAN, CHASE and CHASE HOME's unlawful policies and practices as set forth herein, JPMORGAN, CHASE and CHASE HOME's representations that its policies and practices as set forth herein were lawful, JPMORGAN, CHASE and CHASE HOME's concealment of the unlawful nature of its policies and practices as set forth herein, and/or SIMPSON and STURDIVANT's inability to discover the harm they suffered and its unlawful causes as a result of JPMORGAN, CHASE and CHASE HOME's unlawful policies and practices.

**SIMPSON'S CLAIM**

27. SIMPSON is a former employee of JPMORGAN, CHASE and Washington Mutual Bank, a former division of CHASE and JPMORGAN and CHASE's predecessor-in-interest.

28. SIMPSON worked for JPMORGAN and CHASE, directly and/or for Washington Mutual Bank continuously in California in a retail branch on a full-time basis from in or about1998 to in or about February 3, 2009.

29. At all times during the tenure of SIMPSON's employment with JPMORGAN and CHASE, SIMPSON (1) worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and earned nondiscretionary bonus pay and/or commissions pursuant to JPMORGAN and CHASE's written compensation policies, (2) earned paid vacation pursuant to JPMORGAN and CHASE's vacation policies

///

and (3) incurred travel and cellular telephone expenses in connection with the discharge of her duties but was denied reimbursement for such expenditures by JPMORGAN and CHASE.

30. As a result of JPMORGAN and CHASE's unlawful conduct alleged herein, SIMPSON was not paid for all time worked, was denied overtime compensation, was required to forfeit wages and incurred unreimbursed necessary expenses in connection with the discharge of her duties in an amount according to proof at time of trial.

31. As a result of the JPMORGAN and CHASE's unlawful policies and practices as alleged herein, SIMPSON suffered injury in fact and has lost money and property in an amount according to proof at time of trial.

**STURDIVANT'S CLAIM**

32. STURDIVANT is a former employee of JPMORGAN and CHASE HOME.

33. STURDIVANT worked for JPMORGAN and CHASE HOME in California in the capacity of an "REO Specialist" on a full-time basis from in or about May 1, 2006 to in or about May 11, 2007.

34. At all times during the tenure of STURDIVANT 's employment with JPMORGAN and CHASE HOME, STURDIVANT (1) worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and earned nondiscretionary bonus pay and/or commissions pursuant to JPMORGAN and CHASE HOME's written compensation policies, (2) earned paid vacation pursuant to JPMORGAN and CHASE HOME's vacation policies and (3) incurred travel and cellular telephone expenses in connection with the discharge of her duties but was denied reimbursement for such expenditures by JPMORGAN and CHASE HOME.

35. As a result of JPMORGAN and CHASE HOME's unlawful conduct alleged herein, STURDIVANT was not paid for all time worked, was denied overtime compensation, was required to forfeit wages and was denied reimbursement of expenses in an amount according to proof at time of trial.

///

36. As a result of the JPMORGAN and CHASE HOME's unlawful policies and practices as alleged herein, STURDIVANT suffered injury in fact and has lost money and property in an amount according to proof at time of trial.

**THE CLASS**

37. The class in this case includes all similarly-situated former and current California employees of JPMORGAN, CHASE and/or CHASE HOME (1) who are or were employed by JPMORGAN, CHASE and/or CHASE HOME and who were denied overtime compensation as a result of JPMORGAN, CHASE and/or CHASE HOME's failure to include nondiscretionary bonus compensation and/or compensation in the form of commission when computing the amount of overtime compensation paid to such employees (subclass 1) and/or (2) who forfeited vested paid vacation and/or were denied compensation in lieu thereof pursuant to JPMORGAN, CHASE and/or CHASE HOME's vacation policies (subclass 2) and/or (3) incurred necessary expenses as a direct consequence of the discharge of their duties which were not reimbursed as required by Labor Code Section 2802 and Orders of the California Industrial Welfare Commission (subclass 3).

38. The claims of SIMPSON and STURDIVANT are typical of the claims of the members of each of the subclasses.

39. SIMPSON and STURDIVANT will fairly and adequately protect the interests of the class and has retained counsel competent and experienced in class action litigation.

40. The identification of the individual class members may be effectuated by reference to JPMORGAN, CHASE and CHASE HOME's records. The total amount of wages forfeited and/or overtime compensation denied the class members by JPMORGAN, CHASE and CHASE HOME during the class period as well as unreimbursed expenses incurred by the class members is also readily ascertainable from JPMORGAN, CHASE and CHASE HOME's records.

///

41. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Since the practices JPMORGAN, CHASE and CHASE HOME engaged in are common to all members of the class, judicial economy is not served by multiple actions with duplicative and repetitive testimony.

42. The class of persons for whose benefit this case is brought consists of thousands of individuals whose claims, except as to amount of damages, are otherwise identical in that each class member was injured in the same way as a result of JPMORGAN, CHASE and CHASE HOME's common course of conduct. The amount of overtime compensation denied each class member by JPMORGAN, CHASE and CHASE HOME, the amount of earned paid vacation forfeited by each class member and/or the amount of compensation in lieu thereof denied each class member by JPMORGAN, CHASE and CHASE HOME and/or the amount of unreimbursed expenses incurred by each class member can be calculated by reference to JPMORGAN, CHASE and CHASE HOME's records. Therefore, the repetitive testimony of each class member at trial would be impracticable, unnecessary, and an inefficient use of judicial resources.

43. Although the common questions involved in this class action collectively involve a large sum of money, it would be extremely difficult for an individual class member to economically maintain an individual action on his or her own behalf alone because of the modest amount at issue in each case.

44. This class action is proper because of the numerosity of the individuals who were denied overtime compensation and/or who forfeited vested vacation and/or were denied compensation in lieu thereof and/or the incurred expenses in connection with the discharge of their duties which were unreimbursed by JPMORGAN, CHASE and CHASE HOME. A multitude of individual actions would work a hardship on the court system and would be impracticable to coordinate by any other means than a class action.

45. SIMPSON and STURDIVANT are aware of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

**(Violation of California Labor Code Sections 200, *et seq.*)**

(By SIMPSON and STURDIVANT on behalf of themselves and all putative members of subclass 1 against JPMORGAN, CHASE and CHASE HOME)

46. SIMPSON and STURDIVANT reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 201, which provides in pertinent part as follows:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

48. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 202, which provides in pertinent part as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

49. JPMORGAN, CHASE and CHASE HOME are liable for waiting time penalties pursuant to Labor Code section 203, which provides as follows:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days...Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

///

///

50. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 204 which requires JPMORGAN, CHASE and CHASE HOME to, *inter alia*, pay its employees all overtime compensation earned no later than the pay day for the next payroll period.

51. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 510 which requires JPMORGAN, CHASE and CHASE HOME to, *inter alia,* compensate its employees at the rate of no less than one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in one work day and/or all hours worked in excess of forty (40) hours in any work week.

52. California Labor Code section 218 gives employees the right to file suit directly in a court of law, rather than going through the Labor Commissioner, as follows:

> Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.

53. SIMPSON and STURDIVANT are entitled to an award of attorneys' fees and costs in prosecuting this action pursuant to California Labor Code section 1194, which provides in pertinent part as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

///

///

///

///

54. JPMORGAN, CHASE and CHASE HOME are liable for interest on all wages due and unpaid pursuant to Labor Code section 218.6 which provides as follows:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2.

**SECOND CAUSE OF ACTION**

**FORFEITURE OF WAGES**

**(California Labor Code Section 200, *et seq.*)**

(By SIMPSON and STURDIVANT on behalf of themselves and all putative members of subclass 2 against JPMORGAN, CHASE and CHASE HOME)

55. SIMPSON and STURDIVANT reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

56. The paid vacation benefits that JPMORGAN, CHASE and CHASE HOME provides to its employees on an annual basis accrue and vest as such employees work. Pursuant to JPMORGAN, CHASE and CHASE HOME's vacation policies, employees are forced to forfeit, without compensation, all unused paid vacation accrued in a calendar month of employment if such employees are not employed on the last day of the calendar month during which such paid vacation accrued.

57. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 201, which provides in pertinent part as follows:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

///

///

58. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 202, which provides in pertinent part as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

59. JPMORGAN, CHASE and CHASE HOME are liable for waiting time penalties pursuant to Labor Code section 203, which provides as follows:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days...Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

60. JPMORGAN, CHASE and CHASE HOME have violated and continues to violate California Labor Code section 204 which requires JPMORGAN, CHASE and CHASE HOME to, *inter alia*, pay its employees all compensation earned no later than the pay day for the next payroll period.

61. California Labor Code section 218 gives employees the right to file suit directly in a court of law, rather than going through the Labor Commissioner, as follows:

> Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.

62. SIMPSON and STURDIVANT are entitled to an award of attorneys' fees and costs in prosecuting this action pursuant to California Labor Code section 218.5, which provides in pertinent part as follows:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

63. JPMORGAN, CHASE and CHASE HOME are liable for interest on all wages due and unpaid pursuant to Labor Code section 218.6 which provides as follows:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2.

64. California Labor Code section 227.3 gives employees the right to be paid for unused vested vacation time upon termination, as follows in pertinent part:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

**<u>THIRD CAUSE OF ACTION</u>**

**FAILURE TO REIMBURSE NECESSARY EXPENSES**

**(California Labor Code Section 2802, *et seq.*)**

(By SIMPSON and STURDIVANT on behalf of themselves and all putative members of subclass 3 against JPMORGAN, CHASE and CHASE HOME)

65. SIMPSON and STURDIVANT reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

///

66. California Labor Code section 2802 requires an employer to indemnify his or her employee for all necessary expenses incurred by such employee in discharge of his or her duties.

67. SIMPSON and STURDIVANT and all of the putative class members were required to travel and have a cellular telephone to perform the duties required by their employment with JPMORGAN, CHASE and CHASE HOME.

68. JPMORGAN, CHASE and CHASE HOME have failed to reimburse SIMPSON and STURDIVANT and all of the putative class members of subclass 3 the necessary expenses incurred for travel and cellular telephones by SIMPSON and STURDIVANT and the putative class members in the discharge of their duties during the Class Period as required by California Labor Code section 2802.

69. SIMPSON and STURDIVANT, individually and on behalf of all putative members of subclass 3, request reimbursement of all necessary expenses incurred by them in discharge of their duties during the Class Period in an amount according to proof, plus attorney's fees, costs and interest on such amounts from the date the expenditure was incurred pursuant to California Labor Code section 2802.

**FOURTH CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES**

**(California Business & Professions Code Sections 17200, *et seq.*)**

(By SIMPSON and STURDIVANT on behalf of themselves and all putative members of subclasses 1 through 3 against JPMORGAN, CHASE and CHASE HOME)

70. SIMPSON and STURDIVANT reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

71. The conduct of JPMORGAN, CHASE and CHASE HOME with respect to its overtime compensation policy, vacation policies and expense reimbursement policy which results in, *inter alia,* the

withholding of wages and money due its employees, as more particularly described above, is an unlawful, unfair and/or deceptive business practice within the meaning of California Business and Professions Code section 17200.

72. JPMORGAN, CHASE and CHASE HOME's conduct is unlawful because the adoption, implementation and enforcement of its policies and practices as set forth herein violates the common law and statutory law of California. Specifically each of the discrete claims alleged herein are unlawful because they violate California Labor Code sections 200, *et seq.* and Civil Code sections 1708 and/or 1712.

73. JPMORGAN, CHASE and CHASE HOME's conduct is deceptive because its overtime compensation policy, vacation policies and expense reimbursement policy and adoption, implementation and enforcement thereof, creates the deceptive impression that such policies are compliant with all applicable laws and because JPMORGAN, CHASE and CHASE HOME's deceptively refused to disclose and concealed the illegality of its conduct.

74. JPMORGAN, CHASE and CHASE HOME's conduct is unfair because it results in its failure to pay all wages earned by its employees and its failure to reimburse employees expenses made on behalf of JPMORGAN, CHASE and CHASE HOME.

75. As a result of JPMORGAN, CHASE and CHASE HOME's unlawful, unfair and/or deceptive business practices, members of the class and the general public have been denied overtime compensation and/or wages attributable to vested vacation time pursuant to JPMORGAN, CHASE and CHASE HOME's vacation policies and/or the reimbursement of expenses incurred in connection with the discharge of their duties at JPMORGAN, CHASE and CHASE HOME. JPMORGAN, CHASE and CHASE HOME's are liable to make restitution for all such overtime compensation, the dollar value of the forfeited vacation benefits and all unreimbursed expenses withheld together with interest on the liquidated sum owing and attorneys' fees and costs as determined by the court. SIMPSON and STURDIVANT also seeks an

injunction enjoining JPMORGAN, CHASE and CHASE HOME from continuing to commit its unlawful, unfair and/or deceptive practices by failing to properly provide overtime compensation and vacation compensation as well as failing to reimburse expenses incurred by its employees as alleged herein. SIMPSON and STURDIVANT will amend the complaint at the time of trial to include additional employees who continue to be subjected to JPMORGAN, CHASE and CHASE HOME's unlawful, unfair and/or deceptive business practices until such time as the practice has been enjoined. Further, SIMPSON and STURDIVANT reserve the right to supplement the restitution award after time of trial and until an injunction is issued to include additional persons who have been damaged by JPMORGAN, CHASE and CHASE HOME's unlawful, unfair and/or deceptive business practices.

**WHEREFORE**, SIMPSON and STURDIVANT request judgment be entered against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**:

1. For all compensatory damages permitted under the applicable statutes;
2. For statutory penalties pursuant to Labor Code section 203;
3. For interest at the legal rate of interest on the foregoing sums;
4. For an injunction prohibiting Defendants from engaging in such practices;
5. For all other equitable relief available under the applicable statutes;
6. For costs of suit herein incurred including reasonable attorneys' fees; and
7. For such other and further relief as the Court deems just and proper.

///

///

**ON THE SECOND CAUSE OF ACTION:**

1. For all compensatory damages permitted under the applicable statutes;

2. For statutory penalties pursuant to Labor Code section 203;

3. For interest at the legal rate of interest on the foregoing sums;

4. For an injunction prohibiting Defendants from engaging in such practices;

5. For all other equitable relief available under the applicable statutes;

6. For costs of suit herein incurred including reasonable attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION:**

1. For compensatory damages in an amount sufficient to indemnify SIMPSON and STURDIVANT and all similarly situated class members for all expenses incurred as a direct consequence of the discharge of their duties;

2. For interest at the legal rate of interest on the foregoing sums;

3. For a preliminary and permanent injunction prohibiting JPMORGAN, CHASE and CHASE HOME from requiring its employees to incur expenses as a direct consequence of the discharge of their duties without indemnification for the same;

4. For costs of suit incurred herein including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and appropriate.

///

///

///

**ON THE FOURTH CAUSE OF ACTION:**

1. For disgorgement by Defendants and restitution of the value of all wages and monies unjustly retained by Defendants as a result of the enforcement of Defendants' unlawful overtime compensation policy, vacation policies and expense reimbursement policy;

2. For interest at the legal rate of interest on the foregoing sum;

3. For an injunction prohibiting Defendants from engaging in such practices;

4. For costs of suit herein incurred, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

DATED: 3/9/11

LAW OFFICES OF SHELDON A. OSTROFF

By:____________________________

Sheldon A. Ostroff, APC
Attorneys for Plaintiff

DATED: 3-9-11

HUFFMAN & KOSTAS
A Partnership of Professional Corporations

By:____________________________

James C. Kostas, APC
Attorneys for Plaintiff

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

James C. Kostas, APC (SBN115948)
Huffman & Kostas
A Partnership of Professional Corporations
1441 State Street
San Diego, CA 92101

Sheldon A. Ostroff, APC (SBN108510)
Law Offices of Sheldon A. Ostroff
A Professional Corporation
1441 State Street
San Diego, CA 92101

TELEPHONE NO.: (619) 544-0880 FAX NO.: (619) 544-0892

ATTORNEY FOR *(Name)*: Plaintiffs

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: SIMPSON, ET AL. V. JPMORGAN CHASE BANK, ET AL.

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] **Counter** [ ] **Joinder**

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2011-00087418-CU-BT-CTL

JUDGE:

DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/10/11

Sheldon A. Ostroff
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10